FILED
2010 JAN -7 PM 4:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Raymond P. Boucher (CA Bar # 115364)
boucher@kbla.com
Michael Eyerly (CA Bar # 178693)
eyerly@kbla.com
**KIESEL BOUCHER LARSON LLP**
8648 Wilshire Boulevard
Beverly Hills, CA 90211-2910
Telephone: (310) 854-4444
Facsimile: (310) 854-0812

Eric D. Freed (*Pro Hac Vice pending*)
Eric@FreedWeiss.com
Jeffrey A. Leon (*Pro Hac Vice pending*)
Jeff@FreedWeiss.com
**FREED & WEISS LLC**
111 West Washington Street, Suite 1331
Chicago, IL 60602
(312212) 447-7070

*Attorneys for Plaintiffs and the class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT BONSIGNORE, ZANETTA TADDESSE-BONSIGNORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NESTLÉ USA, INC., a Delaware corporation, and DOES 1 – 10<br><br>Defendant. | Case No. CV10-0119 MMM (Ex)<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Violation of California Business & Professions Code Section 17200 *et seq.* - Unfair Conduct<br>2. Violation of California Business & Professions Code Section 17200 *et seq.* – Fraudulent Conduct<br>3. Violation of California Business & Professions Code Section 17500 *et seq.*<br>4. Violation of California Civil Code Section 1709<br>5. Violation of California Business & Professions Code Section 17200 *et seq.* – Unlawful Conduct<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Vincent Bonsignore and Zanetta Taddesse-Bonsignore (hereinafter, "Plaintiffs"), California residents, bring this class action complaint against Defendant Nestlé USA, Inc. (hereinafter "Nestlé") and Does 1-10 (hereinafter referred to collectively as "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who purchased Defendants' Juicy Juice Immunity and/or Brain Development beverages at any time from April 2009 to the present (the "Relevant Period"). Plaintiffs' allegations against Defendants are based upon information and belief, except for allegations specifically pertaining to them, which are based upon personal knowledge.

## I.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this class action under 28 U.S.C. §1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), provides for the original jurisdiction of the federal courts of any class action in which any member of the Class is a citizen of a State different from the defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000, exclusive of interest and costs. Plaintiffs seek certification of a class of all persons who purchased Juicy Juice Immunity and Brain Development beverages from April 2009 to the present. Such persons reside in the 50 United States and the District of Columbia. Defendants are citizens of California and/or Delaware. The amount in controversy, exclusive of interest and costs, exceeds $5 million.

2. The Court has personal jurisdiction over Defendants because each is a corporation or partnership that has sufficient minimum contacts in California or otherwise intentionally avails itself of the California market through its marketing and sales of the products in the State of California and/or by having such other contacts with California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial

1. justice.

2. 3. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because the Court has personal jurisdiction over Defendants.

3. 4. No other forum would be more convenient for the parties and witnesses to litigate this action.

4. 5. California law applies to all claims set forth in this Complaint as Defendant Nestlé is a California resident and all of the misconduct alleged herein was contrived, implemented, and has a shared nexus within California.

## II.

## NATURE OF ACTION

6. Defendants market and sell Juicy Juice, a brand of juices and juice concentrates geared toward children. The U.S. headquarters of Nestlé is located in Glendale, California.

7. Defendants claim that Juicy Juice is made from 100% juice with no added sugars, sweeteners, preservatives or artificial flavors.

8. Defendants advertise, market, promote and sell specific lines of Juicy Juice beverages commonly known as Juicy Juice Brain Development ("Brain Development") and Juicy Juice Immunity ("Immunity").

9. Juicy Juice Immunity and Brain Development beverages are packaged in "Tetra Prisma" containers, which are purported to "maintain the potency of [the] added nutrients," and sold to consumers for a substantially higher price (20% to 30% higher) than Nestlé's other Juicy Juice beverages.

10. Defendants, in the advertising, marketing, promotion and sale of Juicy Juice Immunity and Brain Development beverages, have engaged in misleading, fraudulent, unfair and deceptive business practices as Defendants have (a) misled consumers by deceptively marketing the Brain Development and Immunity beverages through Nestlé's well-known Juicy Juice brand, which is advertised and marketed as

being 100% fruit juice, despite the fact that both the Brain Development and Immunity beverages contain only 70% juice; (b) misled and deceived consumers by promoting and promising boosted immunity and increased digestive health from the inclusion of minute quantities of zinc and prebiotic fiber and a typical amount of vitamin C in Juicy Juice Immunity beverage; (c) misled and deceived consumers by promoting and promising brain development from the inclusion of minute quantities of docosahexaenoic acid ("DHA") in Juicy Juice Brain Development beverage; and (d) misrepresenting to consumers that Juicy Juice Immunity and Juicy Juice Brain Development beverages are packaged in containers that provide superior maintenance of potency.

11. As a result of the foregoing misrepresentations and omissions, Defendants are able to sell Juicy Juice Immunity and Juicy Juice Brain Development beverages for substantially more that the other Juicy Juice and comparable products.

12. Plaintiffs and the consumer class reasonably relied upon Defendants' representations regarding Juicy Juice Immunity and Juicy Juice Brain Development beverages' health benefits in purchasing these products. Plaintiffs and the consumer class were not aware the quantities of supplements added to the products were insignificant and provided no benefit as represented. Plaintiffs and the consumer class have therefore been injured by Defendants' unfair and deceptive conduct.

13. By these acts, Defendants have violated and are in violation of Cal. Bus. & Prof.Code § 17200 *et. seq.*; Cal. Bus. & Prof. Code § 17500; and Cal. Civ. Code §1709.

14. Accordingly, Plaintiffs seek damages to compensate class members for consuming more and/or paying higher prices for Juicy Juice Immunity and Brain Development beverages than they would have but for Defendants' false and misleading advertising, marketing, promotion and sales practices described herein. Plaintiffs also seek, among other relief, an order enjoining Defendants' acts of unfair competition and false and misleading advertising.

## III.

## PARTIES

15. Plaintiffs Vincent Bonsignore and Zanetta Taddesse-Bonsignore reside in Ventura County and are citizens of the State of California. Plaintiffs bring this action individually and on behalf of those similarly situated. During the Relevant Period, Plaintiffs purchased Juicy Juice Immunity and Brain Development beverages for consumption by his children, and, in doing so, relied upon false and misleading statements that were prepared by and/or approved by the Defendants and their agents and disseminated through these products' packaging, labeling, marketing materials and advertising media.

16. Defendant Nestlé is organized and existing under the laws of Delaware, with its corporate headquarters and principal place of business located at 800 North Brand Boulevard, Glendale, CA 91203. Nestlé is a citizen of either California and/or Delaware. Nestlé was and is doing business within this Judicial District. According to an October 7, 2002 investor presentation, Nestlé generated $11 billion in sales in 2001, with the beverages division accounting for $1.3 billion, or 8.4% of sales. According to the report, Juicy Juice accounted for $415 million in sales.

17. Defendant Does 1 through 100 are (a) persons, including, but not limited to, employees of Nestlé or (b) entities, including, but not limited to subsidiaries, affiliates, manufacturers, distributors and/or their alter egos, whose true names and capacities are presently unknown to Plaintiffs, and who therefore are sued by such fictitious names. Plaintiffs are informed and believe, and on that basis alleges, that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein and are responsible in some manner for the matters alleged herein. Plaintiffs will amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

18. The term "Defendants," as used herein, is defined to mean the Defendant named in paragraph 16 and all Defendant Does 1 through 100.